**Application of Willie HIGH for Writ of Habeas Corpus and Order Admitting Petitioner to Bail.**

**A-13088.**

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1961.

Haskell Paul, Pauls Valley, Purman Wilson, Purcell, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Hildred Meinders, County Atty., Carroll J. Moody, Asst. County Atty., Pauls Valley, for respondent.

NIX, Presiding Judge.

This is an original proceeding in habeas corpus instituted by the petitioner, Willie High, for the purpose of being admitted to bail upon a charge of murder now pending against him in the District Court of Garvin County.

The petition alleges that the said Willie High is restrained of his liberty by the sheriff of Garvin County by reason of a commitment issued by an examining magistrate committing him to the county jail after preliminary examination had upon a complaint wherein the petitioner Willie High was charged with the crime of murder; and that by information filed in the District Court of Garvin County he is charged with the crime of murder; that under the evidence produced on his preliminary examination the proof of his guilt is not evident nor the presumption thereof great that petitioner is guilty of murder; that petitioner has made application to be admitted to bail to the District Court of Garvin County, which application was by said court denied.

■■■ Without expressing any opinion upon the weight of the evidence, we are of the opinion that the evidence produced upon the preliminary examination was sufficient to warrant committing petitioner for trial upon the crime of murder. We are also of the opinion that under the testimony submitted and after consideration of the evidence presented in open court, that the petitioner has made a sufficient showing to be entitled to bail. Application of Worley, Okl.Cr., 350 P.2d 519; Ex parte Christenberry, 82 Okl.Cr. 378, 170 P.2d 871.

It is therefore ordered that the petitioner be admitted to bail in the sum of $20,000, said bond to be conditioned as provided by law, to be approved by the Court clerk of Garvin County; that when said bond is given and approved by the court clerk of said county that petitioner be discharged from custody, pending the action of the district court of Garvin County.

BRETT and BUSSEY, JJ., concur.